Frederick Alexander ORELLANA–MORALES, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 05–71518.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Home-land Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Frederick Alexander Orellana–Morales, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we review de novo due process claims, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

The record does not compel reversal of the IJ's conclusion that Orellana–Morales failed to establish that the harm he suffered at the hands of gang members in El Salvador was on account of a protected ground. *See Ramos–Lopez v. Holder,* 563 F.3d 855, 858–62 (9th Cir.2009) (concluding that young men who resist gang membership is not a particular social group for the purpose of establishing nexus to a protect-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed ground). Accordingly, his asylum and withholding of removal claims fail. *See id.* at 862.

We lack jurisdiction to review Orellana–Morales's due process contention regarding the IJ's taking of judicial notice, because he did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.